1  MICHAEL G. KING (SBN 145477)
2  THOMAS H. CASE (SBN 116660)
   HENNELLY & GROSSFELD LLP
3  4640 Admiralty Way, Suite 850
   Marina del Rey, CA  90292
4  Telephone:(310) 305-2100
   Facsimile: (310) 305-2116
5  EM:  mking@hgla.com
   EM:  tcase@hgla.com
6
7  Attorneys for Defendant
   EMERSON ELECTRIC COMPANY,
8  MOTEURS LEROY-SOMER, S.A. and
   LEROY-SOMER
9

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| Crystal Cruises, Inc., and Crystal Ship Three (Bahamas) Limited, | CASE NO. CV10-8736-PSG (JCx) |
|---|---|
| Plaintiffs, | Assigned to Philip S. Gutierrez<br>Court Room 880 (Roybal Building) |
| v. | **DEFENDANTS MOTEURS LEROY-SOMER'S AND LEROY-SOMER'S JOINT REPLY TO PLAINTIFFS' OMNIBUS OPPOSITION IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |
| Moteurs Leroy-Somer S.A.; Leroy-Somer; Emerson Electric Company; and DOES 1 through 20, Inclusive, | |
| Defendants. | |
| | Date: June 6, 2010<br>Time: 1:30 p.m.<br>Place: Courtroom "880" |
| | Action Filed:   November 15, 2010 |

{00074065 }

Case No. CV10-8736-PSG (JCx)

## I.     INTRODUCTION.

Defendants Moteurs Leroy-Somer S.A. and Leroy-Somer (together, "Moteurs") are not subject to personal jurisdiction in California. They lack "minimum contacts" with California, and the exercise of jurisdiction over them would be unreasonable.[1] While Plaintiffs oppose dismissal, they fail to make a prima facie showing as to why jurisdiction is proper in California. They assert Moteurs is prospectively subject to jurisdiction based on imputing the contacts of defendant Emerson to Moteurs under a theory of alter-ego or agency. But they fail to make a prima facie showing that Emerson is either. The proffered evidence only shows that Emerson is Moteurs' parent company which is legally insufficient to support a finding of alter ego or agency. Plaintiffs also argue that a ruling on the motion is premature and that they first be allowed to take discovery. However, Plaintiffs' request is based on nothing more than a "hunch" as they already failed to make a prima facie showing of alter-ego or agency. The record before the Court is sufficient to find that Moteurs is not subject to personal jurisdiction and thus discovery is unnecessary.

In sum, it is not premature for the Court to conclude that Moteurs is not subject to personal jurisdiction in California. The undisputed evidence shows that Moteurs lacks "minimum contacts" with California, and that the exercise of jurisdiction would be unreasonable. Conversely, Plaintiffs have failed to make a prima facie showing of alter-ego or agency to support disregarding Moteurs' corporate separateness or allowing any discovery. Accordingly, for these reasons, Moteurs respectfully submits that its motion to dismiss for lack of personal jurisdiction should be granted.

/ / /

/ / /

/ / /

---

[1]/     Hereinafter, "Moteurs" will be referred to in the singular for consistency.

{00074065 } 1

Case No. CV10-8736-PSG (JCx)

## II.  LEGAL ARGUMENT.

### A. Moteurs is Not Subject Personal Jurisdiction Because Neither It Nor This Dispute have any Connection to California.

Plaintiffs have not shown that Moteurs has any contacts with California to subject it to personal jurisdiction. Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001) ("Unocal"). While jurisdiction may be general or specific, Plaintiffs have not met their burden of establishing either. Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1123 (9th Cir. 2002). The undisputed evidence shows that Moteurs does not have "continuous and systematic" contacts with California. See, Declarations of Xavier Guy Trenchant in Support of Defendants' Motions to Dismiss ("Trenchant Decl.").[2] Moteurs is a French corporation with its principal place of business in Angouleme, France. (Trenchant Decl., ¶3.). Moteurs does not have any offices, employees, assets or other personal or real property in California. (Trenchant Decl., ¶¶7-10.). Moteurs is not qualified to do business in California and has no registered agent for service of process in the State. (Trenchant Decl., ¶4). Moteurs alleged contacts with North America as a whole (nos. 5 and 6) and the alleged presence of similarly named entities in California are irrelevant. Plaintiffs have not made a prima facie showing that Moteurs has systematic and continuous contacts with California, and thus due process forbids the exercise of general jurisdiction. Glencore, 284 F.3d at 1124-1125.

Due process also forbids the exercise of specific jurisdiction over Moteurs because the underlying dispute and alleged misconduct have no connection to California. Glencore, 284 F.3d at 1123-1124. This dispute arises from a contract that was entered in France, between foreign parties, which was performed and purportedly breached in France. (FAC, ¶¶6, 12 and 15). Moteurs never entered California in connection with the disputed transaction, never entered into any

---

[2] / The Trenchant Decl. is undisputed. Plaintiffs did not serve objection to the Trenchant Decl.

contract with Plaintiffs in California and never directed any of its activities or communications towards Plaintiffs in California in connection with the disputed transaction. (Trenchant Decl., ¶¶13-17). Plaintiffs concede that this dispute has no connection to California. (FAC, ¶¶6, 12 and 15). Accordingly, there is no basis for the exercise of specific jurisdiction over Moteurs.

### B. Moteurs and Emerson are Not Alter-Egos Nor is Emerson the Agent of Moteurs for Purposes of Imputing Emerson's Contacts for Personal jurisdiction.

Because Moteurs has no direct contact with California, Plaintiffs base their assertion of personal jurisdiction by arguing that Emerson's contacts should be imputed to Moteurs under theories of alter-ego and agency. Plaintiffs' proffered evidence, however, only reflects the existence of a normal parent-subsidiary which is legally insufficient to establish personal jurisdiction over Moteurs based on Emerson's contacts with California.  Unocal, 248 F.3d at 925.

#### 1. Moteurs is Not Subject to Personal Jurisdiction Under an Alter-Ego Theory.

Courts analyzing the alter ego theory of jurisdiction start with the firm proposition that "[t]he existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries minimum contacts with the forum." Unocal, 248 F.3d at 925. A parent corporation and its subsidiaries are presumed to be separate legal entities. Id. As such, "where a parent and subsidiary are separate and distinct corporate entities, the presence of one . . . in a forum state may not be attributed to the other ...." Holland Am. Line, Inc. v. Wartsila N. Am., Inc., 485 F.3d 450, 459 (9th Cir. 2007). An exception to this rule is where the subsidiary is merely the alter-ego of the parent. Unocal, 248 F.3d at 926.  This presumption of independence may only be defeated by a prima facie showing that: (1) there is such a unity of interest in ownership between the corporate entities that the separate personalities of the two

entities no longer exists; and (2) the failure to disregard the separate entities would result in fraud or injustice. <u>Unocal</u>, 248 F.3d at 926; <u>Von Grabe v. Sprint PCS</u>, 312 F. Supp. 2d 1285, 1299 (S.D. Cal. 2003). Both elements must be present in order to find alter ego. <u>Id</u>. at 928. Plaintiffs have failed to make a prima facie showing of either.

### a. Moteurs Does Not Exercise Day to Day Control Over Emerson or Vice-Versa.

The first prong requires plaintiff to show that the parent controls the subsidiary to "such a degree as to render the latter the mere instrumentality corporation controls the other to such a degree as to render it a mere instrumentality of the former." <u>Id</u>. at 926. The parent must exercise control over the "day-to-day operation" of its subsidiary. Id.; <u>Kramer Motors, Inc. v. British Leyland, LTD</u>, 628 F.2d 1175, 1177 (9th Cir. 1980) (alter-ego is typified by parent control of the subsidiary's internal affairs or daily operations).

Plaintiffs, however, have not met their burden of establishing a prima facie case of alter ego. The documentary evidence submitted by Plaintiffs simply demonstrates the existence of a permissible parent-subsidiary relationship. That a parent is the sole shareholder of a subsidiary, or has some high-level involvement in setting the subsidiary's business objectives, does not reveal a unity of interest and ownership or improper domination by the parent. Proper involvement by a parent corporation specifically includes "'monitoring the subsidiary's performance, supervision of the subsidiary's finance and capital budget decisions, and articulation of general policies and procedures,'" among other things. <u>Unocal</u>, 248 F.3d at 926 (quoting <u>United States v. Bestfoods</u>, 524 U.S. 51, 72 (1998)). Thus, for example, in <u>Kramer Motors</u>, the Ninth Circuit ruled that alter ego jurisdiction did not exist just because the parent corporation had, among other things, "general executive responsibility for the operation" of its subsidiary and was closely involved in the subsidiary's pricing decisions. <u>Kramer Motors</u>, 628 F.2d at 1177.

{00074065 }4

Case No. CV10-8736-PSG (JCx)

<u>Common officers:</u>  Plaintiffs cite that that Emerson and Moteurs had a common officer 10 years ago, but this is irrelevant.  Opposition at p. 10 (no. 19).  The existence of overlap between a parent and a subsidiary's directors and officers is insufficient to warrant treating two corporations as one.  <u>United States v. Bestfood</u>, 524 U.S. 51, 61 (1998).  "[T]hat directors and officers holding positions with a parent company and its subsidiary can and do 'change hats' to represent the two corporation separately, despite their common ownership" is commonplace.  <u>Unocal</u>, 248 F.3d 926.

<u>Form 10-K:</u>  Plaintiffs also reference the fact that Emerson's lists Leroy Somer" as a subsidiary in its Form 10-k, but this too is irrelevant. Opposition at p. 10 (no. 17).  The Ninth Circuit rejected this same argument in <u>Unocal</u>: "references in the parent's annual report to subsidiaries or chains of subsidiaries as divisions of the parent company do not establish the existence of an alter ego relationship." <u>Unocal</u>, 248 F.3d at 928.

<u>Common Trade Name</u>:  Plaintiffs refer to a "Leroy-Somer North America", but this is irrelevant because it does not show that Emerson is Moteurs agent or alter-ego. Opposition at p. 9 (nos. 8, 10) and p. 10 (nos. 14, 15).  Further, the use of a common trade name is an insufficient basis for personal jurisdiction. <u>Von Grabe</u>, 312 F. Supp. 2d at 1301 (S.D. Cal. 2003).

Plaintiffs other proffered evidence similarly shows nothing more than a normal parent-subsidiary relationship. <u>See</u> Opposition at p. 8 (nos. 4, 5), p. 9 (nos. 9-11) and p. 10 (nos. 10 13, 14, 18 and 20). Among other things, that "Emerson acquired Leroy-Somer in 1992" (no. 9), that Emerson allegedly described Moteurs as a "main business" (no. 4) and that Emerson and Moteurs are listed together in a third-party trade publication (no. 14) is not prima facie evidence that Emerson controls the "day to day" operations of Moteurs. In fact, that Emerson acquired Leroy-Somer reaffirms that they are two separate and independent entities.

///

Additionally, Plaintiffs have not shown the presence of any of the factors typically required to establish alter-ego. These factors include the commingling of funds, the holding out by one entity that it is liable for the debts of the other and inadequate capitalization. <u>Wady v. Provident Life and Accident Ins. Co. of America</u>, 216 F. Supp. 2d 1060, 1068 (C.D. Cal. 2002). But Plaintiffs do not argue (or even attempt to show) that any of these factors exist here.[3]

Plaintiffs have failed to make a prima facie showing that Emerson controls the "day to day" operations of Moteurs. The proffered evidence reflects nothing more than a normal parent-subsidiary relationship between Emerson and Moteurs. Accordingly, Plaintiffs' alter-ego theory of personal jurisdiction fails.

### b. The Corporate Forms of Moteurs and Emerson Do Not Result in Any Fraud or Injustice.

Further, Plaintiffs have not, and cannot, show that the "failure to disregard the [Emerson and Moteurs] separate identities would result in a fraud or injustice." <u>Doe</u>, 248 F.3d at 926. This inquiry focuses on whether corporate formalities are ignored or whether one company is undercapitalized in an effort to evade liability. <u>Firstmark Capital Corp. v. Hempel Financial Corp.</u>, 859 F.2d 92, 94 (9th Cir. 1988); <u>Comer v. Micor, Inc.</u>, 436 F.3d 1098, 1103 (9th Cir. 2006). Plaintiffs do not even address this second requirement. They do not contend that Emerson or Moteurs disregarded corporate formalities. Nor do Plaintiffs claim (or realistically believe) that Emerson or Moteurs is undercapitalized or attempting to shift assets to avoid liability. Because Plaintiffs have not shown how any injustice would result from maintaining the corporate separateness of Moteurs and Emerson, Plaintiffs' alter ego theory fails. <u>Unocal</u>, 248 F.3d at 926 (both prongs must be met for alter-ego).

///

///

---

[3] / Indeed, Moteurs is not seeking to avoid any prospective liability. Rather, Moteurs is moving to dismiss because it is not subject to personal jurisdiction in California.

## 2. Emerson is Not the Agent of Moteurs for Jurisdictional Purposes.

Additionally, Plaintiffs have failed to make a prima facie showing that Emerson is Moteurs' agent. To establish agency for jurisdictional purposes, plaintiff must establish that the subsidiary is functioning as the parent's representative in that it is performing services that are "sufficiently important to the foreign corporation that if it did not have a representative to perform them, the corporation's own officials would undertake to perform substantially similar services." Unocal, 248 F.3d at 928. Here, Plaintiffs are arguing a reverse agency theory by seeking to impute Emerson's contacts to Moteurs rather than vice-versa. Thus, Plaintiffs must show that Emerson is performing services sufficiently important to Moteurs.

However, Plaintiffs' evidence is insufficient to establish agency jurisdiction. Kramer Motors, 628 F.2d at 1177-1178. In Kramer, the Ninth Circuit held that the following facts were insufficient to impute a subsidiary's contacts to its patents under an agency theory: (1) both entities "shared some common officers and directors"; (2) the parent had "general executive responsibility for the operation of [the subsidiary] and reviewed and approved its major policy decisions"; (3) the parent approved the marketing scheme at issue in the case; and (4) managed distribution and set price. Kramer Motors, 628 F.2d at 1177-1178. Here, Plaintiffs have established far less than the facts that were held insufficient in Kramer.

Moreover, Plaintiffs have not presented any evidence showing that Emerson is acting as Moteurs' "representative" in California, that Moteurs is directing or controlling Emerson or that Emerson is engaged in activities in California that Moteurs would otherwise perform itself. Accordingly, jurisdiction may not be premised on agency.

## C. Plaintiffs are Not Entitled to Discovery.

Additionally, Plaintiffs requested discovery will not demonstrate facts sufficient to establish a basis for jurisdiction over Moteurs. The district court has

broad discretion to grant or deny discovery in determining whether it has personal jurisdiction over a non-resident defendant. Wells Fargo & Co. v. Wells Fargo Exp. Co., 556 F.2d 406, 430 fn. 24 (9th Cir. 1977). Jurisdictional discovery is only appropriate where "pertinent facts bearing on the question of jurisdiction [are] controverted or where a more satisfactory showing of the facts is necessary." Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008) (quoting Data Disc, Inc. v. Systems Tech. Assoc., Inc., 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)). Plaintiff must affirmatively "demonstrate how further discovery would allow it "to establish jurisdiction."" Terracom v. Valley Nat. Bank, 49 F.3d 555, 562 (9th Cir. 1995). Discovery is properly denied where the claim of jurisdiction "appears to be both attenuated and based on bare allegations in the face of specifics denials made by defendants. . . ." Terracom v. Valley Nat. Bank, 49 F.3d 555, 562 (9th Cir. 1995); St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989) (affirming district court's denial of jurisdictional discovery as "useless" given the undisputed facts).

Here, Plaintiffs' discovery is simply a fishing expedition into defendants' corporate structure in the "hopes" that something will "show up" to support their attenuated argument of alter-ego and/or agency.[4] It is based on nothing more than the fact that Emerson is not contesting jurisdiction and the parent of Moteurs. Opposition at p. 5. However, a mere "hunch" or "belief" that discovery will yield sufficient facts to establish jurisdiction is insufficient. Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008); Butcher's Union Local No. 498 v. SDC Investment, Inc., 788 F.2d 535, 540 (9th Cir. 1986). Plaintiffs' request is just that - a hunch - as they already failed to make even a prima facie showing of alter-ego or agency.

Additionally, the record before the Court is sufficient to rule on the jurisdictional issue without any discovery. Pebble Beach Company v. Caddy, 453 F.3d 1151, 1160 (9th Cir. 2006) (affirming denial of a continuance to allow for

---

[4] /    Plaintiffs served 45 requests for production. Approximately a third of the requests include multiple subparts (up to 12 subparts).

jurisdictional discovery where the record was sufficiently developed to rule on jurisdiction); Razore v. Tulalip Tribes of Washington, 66 F.3d 236, 340 (9th Cir. 1995) (request for discovery is properly denied where the requested discovery will not affect the jurisdictional analysis). Moteurs has demonstrated that it lacks "minimum contacts" with California, and that the exercise of jurisdiction over it would be unreasonable. Conversely, Plaintiffs have failed to make a prima facie showing of alter-ego or agency to support the requested discovery. Accordingly, discovery is unnecessary.

**D. Plaintiffs Alleged "Evidence" is Unauthenticated, Inadmissible Hearsay and Does Not Make Out a Prima Facie Case of Personal Jurisdiction.**

The 16 exhibits (marked Exhibits B-U) attached to Plaintiffs' opposition are inadmissible.[5] The proffered exhibits include, for example, newspaper articles (Exs. "F" and "G"), a pleading filed in an out of state action (Ex. "H"), web print outs (Exs. "C", "D" and "E") and third-party advertisements. (Exs. "Q and "S"). However, none of the exhibits are authenticated. Rule of Evidence 901 requires sufficient authentication of evidence before it is admissible. For example, a public record - such as a pleading - is inadmissible unless it is unauthenticated. Yaich v. U.S., 283 F.2d 613 (9th Cir. 1960). Similarly, documents from the internet must first be authenticated. Wady, 216 F. Supp. 2d at 1064. Plaintiffs have not met their burden; they simply attach the documents to their pleading. Additionally, the documents are inadmissible as hearsay under Rule of Evidence 802. Accordingly, the proffered exhibits should be excluded in the ruling on the subject motion to dismiss.

/ / /

/ / /

---

[5] /   Moteurs has concurrently filed written objection to this evidence.

### E. The Exercise of Jurisdiction Over Moteurs Remains Unreasonable.

Additionally, Moteurs is not subject to personal jurisdiction because its exercise would be unreasonable. Where the exercise of jurisdiction is unreasonable, personal jurisdiction is lacking even if defendant has minimum contacts with the forum. Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc., 1 F.3d 848, 851 (9th Cir. 1993). Moteurs demonstrated that multiple reasons exist why the assertion of personal jurisdiction over it would be unreasonable. See, Motion at pp. 10-12. Plaintiffs' counter argument - it is reasonable for Moteurs to continue litigating in California because Emerson is not contesting jurisdiction, it could be represented "by the "same counsel" and discovery may also take place outside of France - is nonsensical and does not lessen the burden placed on Moteurs in litigating in California. Ziegler v. Indian River County, 64 F.3d 470, 475 (9th Cir. 1995) ("the law of personal jurisdiction is 'primarily concerned with defendant's burden'"). Because the exercise of jurisdiction over Moteurs would be unreasonable, due process supports a dismissal in Moteurs' favor.

### III. CONCLUSION.

For the foregoing additional reasons, defendants Moteurs Leroy-Somer S.A. and Leroy-Somer respectfully request that the Court grant their respective motions and dismiss Plaintiffs' First Amended Complaint against them, pursuant to Federal Rule of Civil Procedure 12(b), for lack of personal jurisdiction.

DATED: May 23, 2011　　　　　　　　　**HENNELLY & GROSSFELD LLP**

By:　/ s / Thomas H. Case
　　MICHAEL G. KING
　　THOMAS H. CASE
　　Attorneys for Defendants
　　EMERSON ELECTRIC CO., LEROY-SOMER, and MOTEURS LEROY-SOMER S.A.