# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-8736 PSG (JCx) | Date | July 1, 2011 |
|---|---|---|---|
| Title | Crystal Cruises, Inc. *et al.* v. Moteurs Leroy-Somer S.A. *et al.* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):     Attorneys Present for Defendant(s):

Not Present                                          Not Present

**Proceedings:** (In Chambers) Order Granting Plaintiffs' Request to Conduct Limited Discovery, Continuing Defendants' Motions to Dismiss and Setting a Status Conference

Pending before the Court are Defendants' Motions to Dismiss for lack of personal jurisdiction. The Court heard argument on the Motions on June 6, 2011. After considering the moving and opposing papers, as well as the arguments made at the hearing, the Court grants Plaintiffs' request to conduct limited discovery, continues the motions to dismiss and sets a status conference.

I. <u>Background</u>

On November 15, 2010, Plaintiffs Crystal Cruises, Inc. and Crystal Ship Three (Bahamas) Limited (collectively "Plaintiffs") sued Moteurs Leroy-Somer S.A., Leroy-Somer, and Emerson Electric Company (collectively, "Defendants") for (1) negligence, (2) breach of implied warranty of merchantability, (3) breach of implied warranty of fitness for a particular purpose, (4) breach of express warranty, and (5) negligent misrepresentation and concealment. *See First Amended Compl.* ("*FAC*") ¶¶ 23-68. Plaintiffs Crystal Cruises, Inc. ("Crystal") operates a fleet of luxury ships and contracted with a shipbuilder to construct a new ship to be called Crystal Serenity (the "Ship") and owned by Crystal Ship Three (Bahamas) Limited ("CST"). *See FAC* ¶¶ 2, 6. The shipbuilder selected Leroy-Somer to manufacture and install six generators on the Ship to provide power to the propulsion system. *FAC* ¶ 8. Crystal questioned the "experience and capability of Leroy-Somer to supply the generators," but came to trust that Leroy-Somer had the "requisite experience [to adequately] design[] and manufacture[e] the generators to be used on the vessel." *FAC* ¶ 10. It is alleged that all of the generators were defective, leading Plaintiffs to file this suit to recover damages associated with those defects. *See, e.g., FAC* ¶ 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8736 PSG (JCx) | Date | July 1, 2011 |
|---|---|---|---|
| Title | Crystal Cruises, Inc. *et al.* v. Moteurs Leroy-Somer S.A. *et al.* | | |

According to the Complaint, Defendant Moteurs Leroy-Somer S.A. ("MLS") is a foreign corporation with its principal place of business in France. *FAC* ¶ 3(a). Defendant Leroy-Somer is also a foreign corporation with its principal place of business in France. *FAC* ¶ 3(b). Emerson Electric Company ("Emerson") is a foreign corporation with its principal place of business in St. Louis, Missouri. *FAC* ¶ 3(c). Questioning whether the power of the Court can reach them, Defendants MLS and Leroy-Somer (collectively, "Moving Defendants"), but not Emerson, filed Federal Rule of Civil Procedure 12(b)(2) Motions to Dismiss for Lack of Personal Jurisdiction. *See* Dkts. # 21, 24.

In the Motions, the Moving Defendants argue that neither defendant has "employees, officer or agents in California," neither defendant does "any business, or [has] an agent designated for service of process" in California, neither defendant has "offices, bank accounts or other tangible property in California," and therefore, the Moving Defendants are not subject to personal jurisdiction in California. *See MLS Mot.* at 1; *Leroy-Somer Mot.* #24 at 1. In opposing the Motions, Plaintiffs point to the portions of the Complaint alleging that Defendants are "each the alter egos of one another . . . act[ing] as a single corporate entity, disregarding corporate distinctions, failing to observe corporate formalities, and sharing common ownership and directorships," and contend that Defendant Emerson's ties to California are sufficient to confer personal jurisdiction to MLS and Leroy-Somer as alter egos of Emerson, or as parties to an agency relationship with Emerson whereby each performs functions in furtherance of the other's business. *See Opp'n* 4:13-6:13. Plaintiffs concede, however, that they are unable to make a sufficient showing that MLS and Leroy-Somer are subject to this Court's jurisdiction until further discovery is permitted. *See Opp'n* 5:24-6:3 ("Due to the complex nature of Emerson's business structure[,] discovery is necessary to determine the exact inter-relationship between [the] Leroy-Somer entities, as well as their relationship with Emerson."). For the reasons that follow, the Court CONTINUES the Rule 12(b)(2) Motions to Dismiss for Lack of Personal Jurisdiction and GRANTS Plaintiffs' request to conduct discovery limited to jurisdictional facts.

II.     Legal Standard

   A.     Personal Jurisdiction

In order for this Court to assert personal jurisdiction over a defendant, the exercise of jurisdiction must be authorized under California's "long-arm" jurisdictional statute and comport with constitutional due process limitations. *Aanestad v. Beech Aircraft Corp.,* 521 F.2d 1298, 1300 (9th Cir. 1974); *see* Fed. R. Civ. P. 4(k)(1)(A). Because California authorizes jurisdiction

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8736 PSG (JCx) | Date | July 1, 2011 |
|---|---|---|---|
| Title | Crystal Cruises, Inc. *et al.* v. Moteurs Leroy-Somer S.A. *et al.* | | |

to the full extent of the Constitution, the only question before the Court is whether the exercise of *in personam* jurisdiction in this case is consistent with due process. *See* Cal. Code Civ. Proc. § 410.10 (2002); *Peterson v. Highland Music, Inc.,* 140 F.3d 1313, 1317 n. 2 (9th Cir. 1998). In the absence of a traditional basis for asserting jurisdiction (i.e., physical presence, domicile or consent), due process requires that a non-resident defendant have "certain minimum contacts with the forum [state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S. Ct. 339, 85 L. Ed. 278 (1940)). A defendant is subject to "specific jurisdiction" in California where (1) the defendant has purposefully availed himself of the privilege of conducting activities in California, thereby invoking the benefits and protections of its laws; (2) the cause of action arises out of the defendant's California-related activities; and (3) the exercise of jurisdiction would be reasonable.[1] *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995); *see also Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472-73, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). If the defendant's contacts are of a sufficient magnitude, it is subject to "general jurisdiction"-that is, subject to suit on any matter, including those not arising out of the in-forum activity. *See Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437, 447-48, 72 S. Ct. 413, 96 L. Ed. 485 (1952).

Plaintiff has the burden of establishing that jurisdiction exists over the defendants. *Cubbage v. Merchant,* 744 F.2d 665, 667 (9th Cir. 1984). The plaintiff need only make a prima facie showing of jurisdiction to survive a jurisdictional challenge on a motion to dismiss where a court has not heard testimony or made findings of fact. *Ziegler,* 64 F.3d at 473; *Omeluk v. Langsten Slip & Batbyggeri A/S,* 52 F.3d 267, 268 (9th Cir. 1995); *Data Disc, Inc. v. Systems Tech. Assoc., Inc.,* 557 F.2d 1280, 1285 (9th Cir. 1977). For purposes of a motion to dismiss,

---

[1] At this stage of the litigation, the Court uses the term purposeful availment as shorthand for either purposeful availment or purposeful direction. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (using the term purposeful availment to describe both availment and direction, and explaining the difference between the two). However, the Court notes that, although some of Plaintiffs' causes of action sound in tort, this case arises out of the alleged contractual relationship between the parties and the purposeful availment test applies. *See McDevitt v. Guenther*, No. CV 06-0216, 2006 WL 2092385, at *5 (D. Haw. July 25, 2006) ("Plaintiff's claims (even though some sound in tort) arise out of his alleged contractual relationship with defendant—that she would provide him with legal services related to the drafting of a prenuptial agreement—so the Court will apply this *Burger King* and *Sher* purposeful availment analysis.").

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8736 PSG (JCx) | Date | July 1, 2011 |
|---|---|---|---|
| Title | Crystal Cruises, Inc. *et al.* v. Moteurs Leroy-Somer S.A. *et al.* | | |

factual allegations are taken as true, though it is appropriate when considering jurisdictional issues to look beyond the pleadings to any evidence before the Court. *Cargill Int'l S.A. v. M/T Pavel Dybenko,* 991 F.2d 1012, 1019 (2d Cir. 1993). All factual conflicts must be resolved in the plaintiff's favor. *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1129 (9th Cir. 2003).

In order to obtain discovery on jurisdictional facts, the plaintiff must at least make a "colorable" showing that the Court can exercise personal jurisdiction over the defendant. *Mitan v. Feeny*, 497 F. Supp. 2d 1113, 1118-19 (C.D. Cal. 2007) (citing *Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.,* 230 F.3d 934, 946 (7th Cir. 2000)). This "colorable" showing should be understood as something less than a prima facie showing, and could be equated as requiring the plaintiff to come forward with "some evidence" tending to establish personal jurisdiction over the defendant. *See eMag Solutions, LLC v. Toda Kogyo Corp.,* 2006 WL 3783548, at *2 (N.D.Cal. Dec.21, 2006); *see also Orchid Biosciences, Inc. v. St. Louis Univ.,* 198 F.R.D. 670, 672-73 (S.D. Cal. 2001) ("It would ... be counterintuitive to require a plaintiff, prior to conducting discovery, to meet the same burden that would be required to defeat a motion to dismiss.").

Even if the plaintiff prevails in making a prima facie showing at the 12(b)(2) stage, the Court must ultimately determine whether the showing can be met by a preponderance of the evidence-whether at a pre-trial evidentiary hearing or at trial itself. *See Metro. Life Ins. Co. v. Neaves,* 912 F.2d 1062, 1064 n. 1 (9th Cir.1990). Where the Court conducts an evidentiary hearing, the plaintiff must prove the existence of personal jurisdiction by a preponderance of the evidence. *Rano v. Sipa Press, Inc.,* 987 F.2d 580, 587 n. 3 (9th Cir.1993). The Court should then issue findings of fact upon which personal jurisdiction depended. *See Credit Lyonnais Securities (USA), Inc. v. Alcantara,* 183 F.3d 151, 154 (2d Cir.1999). If it so chooses, the Court can proceed immediately to the evidentiary hearing "stage" of deciding the personal jurisdiction question. *Data Disc., Inc.,* 557 F.2d at 1285.

      B.    <u>Exceptions to the Parent-Subsidiary Rule Precluding Personal Jurisdiction over the Subsidiary Based on the Parent's Contacts</u>

It is well-established that a parent-subsidiary relationship alone is insufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes. *Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001); *Transure, Inc. v. Marsh and McLennan, Inc.,* 766 F.2d 1297, 1299 (9th Cir.1985). Two exceptions to that general rule exist, however; a subsidiary's contacts may be imputed to the parent where the subsidiary is the parent's alter ego, or where the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8736 PSG (JCx) | Date | July 1, 2011 |
|---|---|---|---|
| Title | Crystal Cruises, Inc. *et al.* v. Moteurs Leroy-Somer S.A. *et al.* | | |

subsidiary acts as the general agent of the parent. *DoeI,* 248 F.3d at 928-30; *Chan v. Society Expeditions, Inc.,* 39 F.3d 1398, 1405-06 (9th Cir. 1994); *Kramer Motors, Inc. v. British Leyland, Ltd.,* 628 F.2d 1175, 1177-78 (9th Cir. 1980); *Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F.2d 406, 422-24 (9th Cir. 1977).

To satisfy the alter ego exception to the general rule that a subsidiary and the parent are separate entities, the plaintiff must make out a prima facie case "(1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice." *Doe,* 248 F.3d at 926 (alterations in original) (quoting *AT & T Co.,* 94 F.3d at 591). The plaintiff must show that the parent exercises such control over the subsidiary so as to "render the latter the mere instrumentality of the former." *Id.* at 926 (quoting *Calvert v. Huckins,* 875 F. Supp. 674, 678 (E.D. Cal.1995)). Several factors are relevant in applying the alter ego doctrine, including:

> "[c]ommingling of funds and other assets, failure to segregate funds of the separate entities, and the unauthorized diversion of corporate funds or assets to other than corporate uses; ... the treatment by an individual of the assets of the corporation as his own; ... the failure to obtain authority to issue stock or to subscribe to or issue the same; ... the holding out by an individual that he is personally liable for the debts of the corporation; ... the failure to maintain minutes or adequate corporate records ...; sole ownership of all of the stock in a corporation by one individual or the members of a family; ... the failure to adequately capitalize a corporation; the total absence of corporate assets, and undercapitalization; ... the use of a corporation as a mere shell, instrumentality or conduit for a single venture or the business of an individual or another corporation; ... the concealment and misrepresentation of the identity of the responsible ownership, management and financial interest, or concealment of personal business activities; ... the disregard of legal formalities and the failure to maintain arm's length relationships among related entities; ... the use of the corporate entity to procure labor, services or merchandise for another person or entity; ... the diversion of assets from a corporation by or to a stockholder or other person or entity, to the detriment of creditors, or the manipulation of assets and liabilities between entities so as to concentrate the assets in one and the liabilities in another; ... the contracting with another with intent to avoid performance by use of a corporate entity as a shield against personal liability, or the use of a corporation as a subterfuge of illegal transactions; ... and the formation and use of a corporation to transfer to it the existing liability of another person or entity."

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8736 PSG (JCx) | Date | July 1, 2011 |
|---|---|---|---|
| Title | Crystal Cruises, Inc. *et al.* v. Moteurs Leroy-Somer S.A. *et al.* | | |

*Morrison Knudsen Corp. v. Hancock, Rothert & Bunshoft, LLP*, 69 Cal. App. 4th 223, 249–50, 81 Cal. Rptr. 2d 425 (Cal. Ct. App. 1999) (quoting *Associated Vendors, Inc. v. Oakland Meat Co.* 210 Cal. App. 2d 825, 838–40, 26 Cal. Rptr. 806 (Cal. Ct. App. 1962)). It should be noted that "[t]his long list of factors is not exhaustive. The enumerated factors may be considered '[a]mong' others 'under the particular circumstances of each case.'" *Id.*

To satisfy the agency test, the plaintiff must make a prima facie showing that the subsidiary represents the parent corporation by performing services "sufficiently important to the [parent] corporation that if it did not have a representative to perform them, the [parent] corporation . . . would undertake to perform substantially similar services." *Chan,* 39 F.3d at 1405 (quoting *Wells Fargo & Co.,* 556 F.2d at 423). The agency test permits the imputation of contacts where the subsidiary was "either established for, or is engaged in, activities that, but for the existence of the subsidiary, the parent would have to undertake itself." *Chan,* 39 F.3d at 1405-06 n. 9 (quoting *Gallagher v. Mazda Motor of America, Inc.,* 781 F. Supp. 1079, 1083 (E.D. Pa.1992)).

III. Discussion

In this case, Plaintiffs offer, *inter alia*, the following evidence to meet its burden of establishing a "colorable showing" of personal jurisdiction sufficient to warrant further fact discovery: (1) a presentation where Emerson and Leroy-Somer "marketed themselves as a single corporate entity," *Opp'n*, Ex. B; and (2) a report listing Emerson and Leroy-Somer's "combined sales revenue and combined number of worldwide employees," *Opp'n,* Ex. B. In their Motions, Moving Defendants have squarely placed the jurisdictional facts at issue and have gone beyond the allegations in the pleadings. Moreover, Plaintiffs have already submitted requests for production of documents related to this very jurisdictional inquiry. *See Opp'n*, Ex. A. Accordingly, the Court GRANTS Plaintiffs' request to conduct limited discovery and CONTINUES the Motions to Dismiss for Lack of Personal Jurisdiction to a date to be set by the Court in the future.

At the June 6, 2011, hearing on this matter, the Court asked both parties about a proposed discovery plan, if limited discovery on personal jurisdiction issues is allowed. The parties agreed to be bound by reasonable limitations on written discovery and depositions, and also agreed that they would work out the scope of such discovery amongst themselves, with any discovery disputes to be resolved by the magistrate judge. With this in mind, the Court permits Plaintiffs a combination of 10 interrogatories or requests for production, and two depositions.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-8736 PSG (JCx) | Date | July 1, 2011 |
|---|---|---|---|
| Title | Crystal Cruises, Inc. *et al.* v. Moteurs Leroy-Somer S.A. *et al.* | | |

All discovery disputes are to be resolved by the magistrate judge. A status conference is set for **October 3, 2011 at 1:30 pm**, at which point the Court will schedule the hearing on the pending Motions.

**IT IS SO ORDERED.**